IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

PARKERSBURG DIVISION

RONDA SUE GALYEAN,

          Plaintiff,

v.                                 CIVIL ACTION NO. 6:11-cv-00590

MICHAEL J. ASTRUE,
Commissioner of Social Security,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Ronda Sue Galyean's Complaint seeking review of the decision of the Commissioner of Social Security [Docket 2]. By Standing Order entered September 2, 2010, and filed in this case on August 30, 2011, this action was referred to United States Magistrate Mary E. Stanley for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Stanley filed a PF&R [Docket 12] on April 25, 2012, recommending that this Court affirm the final decision of the Commissioner and dismiss this matter from the Court's docket. Objections to the PF&R in this case were due on May 14, 2012; Plaintiff filed objections on May 14, 2012.

*I. BACKGROUND*

Plaintiff filed an application for disability insurance benefits ("DIB") on May 1, 2009, alleging disability as of April 15, 2009, due to undifferentiated connective tissue disease, systemic lupus erythematosus, and antiphospholipid antibody syndrome. The full factual and procedural history of this case is set forth in the PF&R. Plaintiff objected to the finding in the

PF&R that the claimant can return to her past relevant work of customer service representative despite her limitations. (Docket 13.) The magistrate judge found that the ALJ's findings were supported by substantial evidence and that the ALJ properly weighed Plaintiff's subjective complaints of pain and properly assessed Plaintiff's residual functional capacity ("RFC"). (Docket 12.)

## II. STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 72(b), the Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

The Court's review in this case is limited to determining whether the contested factual findings of the Commissioner—as set forth in the decision of his designee, Administrative Law Judge Thomas W. Erwin—are supported by substantial evidence and were reached through application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). The Social Security Act states that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The Supreme Court has defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197 (1938)). Substantial

evidence "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

In reviewing the record for substantial evidence, the Court does not re-weigh conflicting evidence, make determinations as to credibility, or substitute its own judgment for that of the Commissioner. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Rather, the Court must adopt the Commissioner's findings if there is evidence in support of such findings "to justify a refusal to direct a verdict were the case before a jury." *Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [Commissioner] (or the [Commissioner's] designate, the ALJ)." *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987); *see also Hays*, 907 F.2d at 1456. Thus, even if the Court would have reached a different decision, it must nonetheless defer to the conclusions of the ALJ if his conclusions are bolstered by substantial evidence and were reached through a correct application of relevant law. *See Coffman*, 829 F.2d at 517.

### III. OBJECTIONS TO THE PF&R

Plaintiff argues that the "record as a whole supports that the claimant suffers from an undifferentiated connective tissue disease that prevents her from maintaining substantial gainful activity." (Docket 13 at 1.)* Plaintiff bases this on her testimony that she had frequent flare-ups with joint pain and fatigue, which lasted 30 to 40 days; she is unable to perform secretarial duties because she has difficulty typing and writing; and she requires a nap during the day. In the

---

* The second page of Plaintiff's objections refers to the June 5, 210 testimony from Dr. Judith Brendemuehl and to an attachment. No such attachment was included with the objections and there is no evidence from Dr. Brendemuehl in the record. Further, this objection does not direct the Court to a specific error in the PF&R. As such, this objection is **OVERRULED**.

PF&R, the magistrate determined that the ALJ was correct in discrediting Plaintiff's testimony. (Docket 12 at 18.)

Symptoms, including pain, are evaluated by considering "the extent to which [the] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." 20 C.F.R. § 404.1529. All available evidence is considered including the statements from the claimant. *Id.* As the Magistrate Judge noted in the PF&R, the ALJ considered Plaintiff's statements, but did not find them supportive of her "extreme allegations." (Docket 12 at 16.) In reviewing the ALJ's decision, the Court agrees with the Magistrate Judge that the ALJ gave proper consideration to Plaintiff's statements while also examining the other evidence including the doctors' opinions, the conservative nature of the treatment, the lack of evidence of side effects, and Plaintiff's broad range of self-reported daily activities. Accordingly, there is substantial evidence to support the ALJ's findings.

## IV.  CONCLUSION

For the reasons set forth above, the Court **ADOPTS** the PF&R [Docket 12], **OVERRULES** Plaintiff's Objections to the PF&R [Docket 13], **DISMISSES** Plaintiff's Complaint [Docket 2], and **REMOVES** this matter from the Court's docket. A separate Judgment Order will enter this day.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:    August 1, 2012

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE